(55 Misc. Rep. 328)

HARRY ANGELO CO. v. IMPROVED PROPERTY HOLDING CO. et al.

(Supreme Court, Special Term, New York County. July 25, 1907.)

1. LANDLORD AND TENANT—LEASE—COVENANTS—USE OF BUILDING.

A company leased space in a building; the lease stating that the premises were to be used for sales and stock rooms of embroideries, laces, etc., the same business to be carried on therein as was carried on by the lessee at its former place of business. The lessor covenanted in the lease not to rent any part of the building to a firm handling a line of goods similar to the lessee's. Held, that the covenant of restriction compelled

the lessor to exclude from the building only those persons contemplating doing a business similar to that conducted by the lessee at its former place of business.

2. INJUNCTION—TEMPORARY INJUNCTION—GROUNDS FOR DENIAL.

A temporary injunction will not be granted, where the affidavits submitted by the parties are so contradictory that the court is not indubitably satisfied of the facts claimed for its issuance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 320.]

Application by the Harry Angelo Company for an injunction against the Improved Property Holding Company and others. Denied.

Charles A. Hess, for plaintiff.

George Hahn, for defendants.

DAYTON, J. This is an application for a temporary injunction restraining the defendant Improved Property Holding Company from leasing to the defendant copartnership, doing business under the name of "Raimon," the sixth floor of the premises known as Nos. 341–347 Fifth avenue, in this city, and restraining the defendant copartnership from carrying on at said premises the business of selling or offering for sale any "embroideries, laces, cloaks, robes, dressmakers' materials and supplies, and kindred articles, comprising, among other things, woolens, silks, velvets, chiffons, nets, crepes, belts, buckles, buttons, trimmings, coats, boleros, waists, gowns, sashes, ribbons, scarfs, dress fabrics, both cotton and woolen, or any other articles for the purpose of manufacturing into gowns, dresses, and costumes." The plaintiffs leased from the defendant Improved Property Holding Company the third and fourth floors of the above described premises for a period of 10 years from May 1, 1907. The use for which the premises was demised, as appears from the third clause of the lease, was for—

"sales and stock rooms of embroideries, laces, cloaks, robes, dressmakers' materials and supplies, and kindred articles; said floors or lofts to be used for the same character of business now carried on by the said lessee in its present place of business, No. 160 Fifth avenue, New York City, it being understood that no manufacturing is to be done on the premises hereby demised."

And by the fifteenth clause of said lease it is provided that:

"The lessor further agrees not to rent, during the continuance of this lease, any part of said building to any firm handling a similar line of goods as that of the said lessee."

I am of opinion that these two clauses of the lease must be construed together, and that the covenant of restriction can only fairly be urged against the lessor so as to compel it to exclude from the building persons or firms who contemplate doing a business similar to that formerly conducted by the lessee, the Harry Angelo Company, at No. 160 Fifth avenue. It is now sought to exclude the defendant "Raimon" upon the sole ground that this copartnership is engaged in such a business. The papers indicate that "Raimon" had sufficient notice of the plaintiff's lease to put him upon inquiry. If "Raimon" does or intends to do a business in these premises similar to that which plaintiff formerly conducted at No. 160 Fifth avenue, Mr. Korn has violated his covenant with the plaintiff, and he cannot, without a reformation of the lease, escape the consequences of that violation.

The burden is on the plaintiff to show by a preponderance of proof that "Raimon" does or intends to do in these premises a business similar to that above mentioned. I have read the numerous affidavits presented. What transpired between these parties, prior to the execution of this lease, as to inducements offered and the peculiar value of the location is irrelevant and should be disregarded. The case must be decided upon the covenants agreed on. The affidavits submitted by the plaintiff as to the character of its said business and that of "Raimon" are met by many others in flat contradiction. I am unable to say which set of affidavits correctly states the truth on this subject. It is well settled that no injunction should be granted where the court is not indubitably satisfied of the facts claimed for its issuance, particularly in a case like this, where not only "Raimon" will be deprived of a selected place to do business, but also the owner will be prevented from securing a large amount of rent. A trial of this action can be had in the early fall. If the plaintiff shall then succeed in showing that the business of "Raimon" is obnoxious to the covenant in plaintiff's lease with Korn, the lease to "Raimon" will be annulled. But I do not feel justified in continuing this sweeping injunction in the face of such a radical dispute as to the descriptive facts upon which it is sought.

Motion denied, with $10 costs. Settle order upon notice.